```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
JUAN   VENTURA,   JOSE   EFRAIM              MEMORANDUM & ORDER
GRANADOS, CASTO CUADRA, JOSE LIDIO           19-CV-1478 (JS)(ARL)
REYES  GRANADOS,  CARLOS  HUMBERTO
CHAVEZ,  HEBER  ALFARO,  and  LUIS
ALFARO DOMINGUEZ individually and
on behalf of all others similarly
situated,

                    Plaintiffs,

       -against-

KORAN LANDSCAPE SERVICE INC.,
BILL KORAN, and BRAD WINE,

                    Defendants.
----------------------------------X
APPEARANCES
For Plaintiffs:     Roman M. Avshalumov, Esq.
                    James Patrick Peter O'Donnell, Esq.
                    Helen F. Dalton & Associates, P.C.
                    80-02 Kew Gardens Road, Suite 601
                    Kew Gardens, NY 11415

For Defendants:     Saul D. Zabell, Esq.
                    Zabell & Collotta, PC
                    One Corporate Drive, Suite 103
                    Bohemia, NY 11716
```

FILED
CLERK
1:16 pm, Feb 01, 2022
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

SEYBERT, District Judge:

Plaintiffs Juan Ventura, Jose Efraim Granados, Casto Cuadra, Jose Lidio Reyes Granados, Carlos Humberto Chavez, Heber Alfaro, and Luis Alfaro Dominguez (collectively, "Plaintiffs") assert claims pursuant to the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") against Defendants Koran Landscape Service Inc. ("Koran Landscape"), Bill Koran ("Koran"), and Brad Wine ("Wine") (collectively, "Defendants"). (See generally Compl.,

ECF No. 1.) Pending before the Court is Defendants' partial summary judgment motion which solely seeks dismissal of Plaintiffs' claims against Wine on the basis that Wine is not Plaintiffs' "employer" for purposes of the FLSA or NYLL. (See Defs. Mot., ECF No. 44; Support Memo, ECF No. 44-7.) For the following reasons, Defendants' motion is DENIED.

## FACTUAL BACKGROUND[1]

Koran is the sole owner and principal of Koran Landscape, which engages in the business of custom landscape design, installation, and maintenance. (Defs. 56.1 Stmt. ¶¶ 4-5.) Wine has been employed by Koran Landscape since the company's incorporation in 1998; however, Koran's employment of Wine pre-dates the inception of Koran Landscape since Koran previously employed Wine through other entities he owned and operated. (Id. ¶¶ 6-7.) This constitutes the extent of the undisputed facts presented to the Court.

The remainder of the parties' Local Rule 56.1 Statements contain disputed facts concerning Wine's role, duties, and responsibilities at Koran Landscape. For example, Defendants assert that Wine's job title was "foreman" (id. ¶ 8) whereas Plaintiffs submit that he was the "manager" (Pls. 56.1

---

[1] The facts are drawn from Defendants' Local Rule 56.1 Statement and Plaintiffs' Local Rule 56.1 Counterstatements. (See Defs. 56.1 Stmt., ECF No. 44-1; Pls. 56.1 Counterstmt., ECF No. 45-1.) The Court notes any relevant factual disputes.

Counterstmt. ¶ 8). Defendants describe Wine's duties to encompass being a "helper" and "extra set of hands" or eyes for Koran, relaying information back to Koran, interacting with customers on job-sites, and ensuring employees had everything they needed at job-sites. (Defs. 56.1 Stmt. ¶ 9.) Plaintiffs, on the other hand, assert that the scope of Wine's responsibilities is much broader. (Pls. 56.1 Counterstmt. ¶ 9.) In particular, Plaintiffs contend that Wine "operated" Koran Landscape, was "the manager" who supervised and directed employees regarding their jobs, and had the ability to hire and fire people with Koran. (Id.) The parties also dispute whether Koran possessed exclusive or shared authority with Wine to hire and fire employees, determine employee compensation, maintain payroll and other business records, distribute employee compensation, set employee work schedules, and control policies of Koran Landscape such as the terms of conditions of Plaintiffs' employment. (See id. ¶¶ 10-14, 16-22.)

There are no factual assertions in either of the parties' Rule 56.1 Statements that pertain to any other aspects of Koran Landscape or even details of Plaintiffs' employment for Koran Landscape, Koran, or Wine. The 56.1 Statements are almost exclusively devoted to Wine's role and responsibilities at Koran Landscape.

PROCEDURAL HISTORY

On March 14, 2019, Plaintiffs Juan Ventura, Jose Granados Dominguez, Casto Cuadra, Jose Lidio Reyes Granados, Carlos Humberto Chavez, Heber Alfaro, and Luis Alfaro Dominguez commenced this action against Defendants and Jim Hand. (See Compl.)  Plaintiffs maintain five causes of action which are asserted against all Defendants: (1) failure to pay overtime wages pursuant to the FLSA; (2) failure to pay overtime wages pursuant to the NYLL; (3) failure to pay spread of hours compensation pursuant to the NYLL; (4) failure to comply with the NYLL's notice and recordkeeping requirements; and (5) failure to provide wage statements pursuant to the NYLL.  (See id. ¶¶ 122-41.)

The plaintiff identified in the Complaint as "Jose Granados Dominguez" was incorrectly named since his legal name is "Jose Efraim Grenados"; therefore, Plaintiffs were permitted to amend the case caption to make this limited correction. (See Ruling, Min. Entry, ECF No. 34; Order, ECF No. 39.)  Shortly thereafter, the parties stipulated to the dismissal of Jim Hand as a defendant in this action.  (See Stip. & Order of Dismissal, ECF No. 43.)  The instant summary judgment motion practice followed, which focuses exclusively on whether Wine is Plaintiffs' "employer," as that term is defined pursuant to the FLSA and NYLL. (See Support Memo at 1.)

ANALYSIS

I.  Legal Standard

Summary judgment is appropriate where there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "Material facts are those which might affect the outcome of the suit under the governing law, and a dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Wagner v. Chiari & Ilecki, LLP, 973 F.3d 154, 164 (2d Cir. 2020) (quoting Coppola v. Bear Stearns & Co., 499 F.3d 144, 148 (2d Cir. 2007)) (internal quotation marks omitted). The movant bears the burden of establishing that there are no genuine issues of material fact in dispute. CILP Assocs., L.P. v. PriceWaterhouse Coopers LLP, 735 F.3d 114, 123 (2d Cir. 2013). Once the movant makes such a showing, the non-movant must proffer specific facts demonstrating "a genuine issue for trial." Giglio v. Buonnadonna Shoprite LLC, No. 06-CV-5191, 2009 WL 3150431, at *4 (E.D.N.Y. Sept. 25, 2009) (internal quotation marks and citation omitted). Conclusory allegations or denials will not defeat summary judgment. Id.

In reviewing the record, "the court is required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." Sheet Metal Workers' Nat'l Pension Fund v. Vadaris Tech.

5

Inc., No. 13-CV-5286, 2015 WL 6449420, at *2 (E.D.N.Y. Oct. 23, 2015) (quoting McLee v. Chrysler Corp., 109 F.3d 130, 134 (2d Cir. 1997)). The Court considers the "pleadings, deposition testimony, answers to interrogatories and admissions on file, together with any other firsthand information including but not limited to affidavits." Nnebe v. Daus, 644 F.3d 147, 156 (2d Cir. 2011).

II. Discussion

Plaintiffs' claims against Wine are asserted pursuant to both the FLSA and NYLL. For a plaintiff to prove liability pursuant to the FLSA, the plaintiff must first establish that the defendant meets the FLSA's definition of an "employer," which is broadly defined as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d); see Draskovic v. Oneota Assocs., LLC, No. 17-CV-5085, 2019 WL 783033, at *5 (E.D.N.Y. Feb. 21, 2019) (quoting Herman v. RSR Sec. Servs. Ltd., 172 F.3d 132, 139 (2d Cir. 1999)). The FLSA also broadly defines an "employee" as "any individual employed by an employer." 29 U.S.C. § 203(e)(1). Due to the breadth of these definitions, the Second Circuit has instructed "that the determination of whether an employer-employee relationship exists for purposes of the FLSA should be grounded in economic reality rather than technical concept." Irizarry v. Catsimatidis, 722 F.3d 99, 104 (2d Cir. 2013) (quoting Barfield v. N.Y.C. Health &

6

Hosps. Corp., 537 F.3d 132, 140 (2d Cir. 2008)) (internal quotation marks omitted).

The NYLL is the New York State analogue to the FLSA. See Escobar v. Del Monaco Bros. Indus. Inc., No. 14-CV-3091, 2016 WL 11481190, at *7 (E.D.N.Y. July 27, 2016) (citing D'Arpa v. Runway Towing Corp., No. 12-CV-1120, 2013 WL 3010810, at *18 (E.D.N.Y. June 18, 2013), report and recommendation adopted sub nom., 2016 WL 4275705 (E.D.N.Y. Aug. 13, 2016). "Due to the similarities, a court approaches FLSA and NYLL claims in the same manner." Id. (citing Ethelberth v. Choice Sec. Co., 91 F. Supp. 3d 339, 360 (E.D.N.Y. 2015)); see also Ethelberth, 91 F. Supp. 3d at 360 ("[C]ourts in the Second Circuit have generally applied their analysis of a plaintiff's FLSA claim to a plaintiff's NYLL claim due to the substantial similarity in the provisions."). As such, courts routinely apply the economic realities test to determine whether an employer-employee relationship exists in accordance with both the FLSA and NYLL. Draskovic, 2019 WL 783033, at *5 (citing Hart v. Rick's Cabaret Int'l, Inc., 967 F. Supp. 2d 901, 922 (S.D.N.Y. 2013)).

The economic realities test focuses on "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." Irizarry, 722

7

F.3d at 104-05.  In addition, "the analysis depends on whether the defendant had 'operational control' over employees[,] . . . [which] does not necessarily require direct contact with employees and workplaces." Khurana v. JMP USA, Inc., No. 14-CV-4448, 2017 WL 1251102, at *3 (E.D.N.Y. Apr. 5, 2017) (citing Irizarry, 722 F.3d at 110) (internal citation omitted). Instead, a plaintiff can demonstrate liability "where the employer exercises control over and makes decisions that 'directly affect the nature or conditions of the employees' employment.'" Id. (quoting Irizarry, 722 F.3d at 110).

The Court must now determine whether there are any issues of material fact as to whether Wine was Plaintiffs' employer.  As is abundantly clear in the Court's recitation of the factual background of this case, the parties proffer competing evidence that pertains to every factor of the economic realities test.

First, the parties dispute whether Wine had the power to hire and fire employees.  Based upon an affidavit by Koran, Defendants assert that Wine did not possess this power because Koran had the exclusive authority to hire and fire.  (See Defs. 56.1 Stmt. ¶ 10; Koran Aff. ¶ 6, ECF No. 44-4; Support Memo at 7). Contrarily, three Plaintiffs, Ventura, Alfaro, and Cuadra, all testified that Wine and Koran shared the power to hire and fire employees.   (See  Pls.  56.1  Counterstmt.  ¶  10;  Opp'n  at  7, ECF No. 46; Ventura Tr. at 50, ECF No. 48-1; Castro Tr. at 67,

8

ECF No. 48-3; H. Alfaro Tr. at 78, ECF No. 48-6.) In light of this conflicting evidence, the Court is presented with disputed material facts and unable to reach a conclusion as to this factor.

Second, the parties dispute whether Wine possessed the authority to supervise and control employee work schedules or conditions of employment. Defendants contend that Koran has the exclusive power to control employee work schedules and conditions of employment. (See Defs. 56.1 Stmt. ¶¶ 19-21; Koran Aff. ¶ 6.; Support Memo at 6-7.) Although Defendants appear to concede that Wine does have some supervisory responsibilities, Defendants argue that any supervisory role Wine had as a foreman was limited "to serving as the proverbial eyes and ears of Mr. Koran" and weighs against finding him to be an "employer." (See Support Memo at 7.) Plaintiffs, however, argue that Wine's responsibilities are far greater than what is portrayed by Defendants. (See Opp'n at 8-11.) Plaintiffs describe Wine as a being a "manager" (Ventura Tr. at 48), liaison between employees and Koran (Wine Tr. at 9-10), and present on job-sites to "check-in," communicate with customers, "oversee" employees and direct employees on what to do (Opp'n at 9; Wine Tr. at 9-10, 14-17, 22-25; J. Granados Tr. at 27-29). Regardless of whether Wine was a "foreman" or "manager," one's job-title is not dispositive of whether or not they are an individual's employer. Jun Kong v. Wing Keung Enterprises, Inc., No. 15-CV-6228, 2016 WL 11480152, at *2 (E.D.N.Y. May 18, 2016),

9

report and recommendation adopted as modified, 2016 WL 6905943 (E.D.N.Y. Nov. 23, 2016). Notwithstanding, it is clear from the record evidence that the parties have diverging views on Wine's responsibilities -- especially those pertaining to the level of supervision and control he exercised over Plaintiffs -- thereby thwarting Court's analysis of this factor as well.

Third, to a limited extent, the parties dispute whether Wine determined Plaintiffs' rate and method of compensation. Defendants maintain that this is a power exclusively exercised by Koran. (See Support Memo at 7; Koran Aff. ¶ 6.) Although Plaintiffs dispute the veracity of this information because it stems from Koran's "self-serving" affidavit, they do not provide the Court with any competent evidence which creates a genuine issue of fact as to this element of the economic realities test. (See Pls. 56.1 Counterstmt. ¶ 13)  At most, Plaintiffs suggest that Wine had some control over recording the number of hours Plaintiffs worked on "worksheets" because Wine may have "put a time in" for employees upon request, which, in turn, may have affected Plaintiffs' overall compensation. (See Opp'n at 13; Wine Tr. at 53-54.) This, however, has no bearing on whether Wine had any control over Plaintiffs' rate and method of compensation, a fact with which Plaintiffs appear to reluctantly agree. (See id. at 11-12.) Therefore, the Court finds that Wine does not determine

Plaintiffs' rate and method of compensation and this factor weighs in Defendants' favor.

Last, the parties dispute whether Wine maintained employment records. Defendants contend that this is another aspect of the business over which Koran possessed sole control (see Support Memo at 6; Koran Aff. ¶ 6); however, Plaintiffs submit that this is a shared responsibility between Koran and Wine (see Opp'n at 13-14; Pls. 56.1 Counterstmt. ¶ 22). In particular, Plaintiffs draw the Court's attention to Koran's testimony which provides that he is responsible for "writ[ing] up the [assignment] sheets in the morning" and then giving the sheets to Wine, who helps distribute them. (See Pls. 56.1 Counterstmt. ¶ 22 (quoting Koran Tr. at 12-15).) Plaintiffs then point to Wine's deposition testimony which provides that he may have "put a time in" an employee's worksheet and "occasionally" assisted Koran with writing out assignment sheets. (See Opp'n at 13-14; Wine Tr. at 54.) Specifically, Wine stated that if Koran was busy, Koran would dictate what he wanted Wine to write in the assignment sheets or even "write out a sheet or two" if they "were behind in the morning." (Opp'n at 13; Wine Tr. at 54.) Aside from assignment sheets, Koran and Wine also maintained other documents that they utilized to keep track of "where the crews were." (See Opp'n at 14; Koran Tr. at 59.) Notwithstanding, the Court finds that the evidence proffered by Plaintiffs cuts against their position and

11

demonstrates that Koran was primarily responsible for maintaining employment records. As such, this factor weighs in Defendants' favor as well.

As a general rule, the Court cannot "weigh evidence or assess the credibility of witnesses at the summary judgment stage." Parker v. Fantasia, 425 F. Supp. 3d 171, 183 (S.D.N.Y. 2019) (quoting Jeffreys v. City of N.Y., 426 F.3d 549, 551 (2d Cir. 2005)); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986) ("[I]t is clear enough from our recent cases that at the summary judgment stage the judge's function is not h[er]self to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."); Fincher v. Depository Tr. & Clearing Corp., 604 F.3d 712, 726 (2d Cir. 2010) (holding that "the court cannot . . . , at the summary judgment stage," take a position on the "question of 'he said, she said'" (citing Simpri v. City of N.Y., No. 00-CV-6712, 2003 WL 23095554, at *8 (S.D.N.Y. Dec. 30, 2003))); Vital v. Interfaith Med. Ctr., 168 F.3d 615, 622 (2d Cir. 1999) ("Assessments of credibility and choices between conflicting versions of the events are matters for the jury, not for the court on summary judgment." (internal quotation marks omitted)); Kassel v. City of Middletown, 272 F. Supp. 3d 516, 535 (S.D.N.Y. 2017) ("[I]t is not the role of the Court at summary judgment to resolve [a] factual clash.").

Although the third and fourth factors of the economic realities test weigh in favor of Defendants, the totality of the circumstances does not indicate that Wine is not Plaintiffs' employer as a matter of law. Irizarry, 722 F.3d at 104 ("The Second Circuit 'has treated employment for FLSA purposes as a flexible concept to be determined on a case-by-case basis by review of the totality of the circumstances.'" (quoting Barfield, 537 F.3d at 141-42)). As demonstrated by its inconclusive findings regarding the first and second factors, the Court cannot resolve the multitude of factual disputes present in the parties' submissions at this juncture. "[A]t a minimum, they involve issues of witness credibility and '[i]t is axiomatic that courts should not assess credibility on summary judgment.'" McClarin v. City of N.Y., No. 16-CV-6846, 2020 WL 3183893, at *3 (E.D.N.Y. June 15, 2020), reconsideration denied, 2021 WL 722410 (E.D.N.Y. Feb. 24, 2021). Accordingly, since the question of whether Wine is Plaintiffs' employer must be determined by the finder of fact at trial, Defendants' motion for summary judgment is DENIED.

## CONCLUSION

For the stated reasons, IT IS HEREBY ORDERED that Defendants' motion for summary judgment (ECF No. 44) is DENIED. The parties are referred to Judge Lindsay for any remaining pre-trial proceedings.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: February 1, 2022
       Central Islip, New York