Case 2:19-cv-01478-JS-ARL   Document 105   Filed 02/12/26   Page 1 of 11 PageID #: 6101

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------X

JUAN VENTURA; JOSE EFRAIM GRANADOS; CASTO CUADRA; JOSE LIDIO REYES GRANADOS; CARLOS HUMBERTO CHAVEZ; HEBER ALFARO; and LUIS ALFARO DOMINGUEZ, each individually and on behalf of all others similarly situated,

                 Plaintiffs,

   -against-

KORAN LANDSCAPE SERVICE INC.;
BILL KORAN; and BRAD WINE,

              Defendants.

---------------------------------X

MEMORANDUM & ORDER
19-CV-1478 (JS)(ARL)

**FILED**
**CLERK**

2/12/2026 3:59 pm

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

APPEARANCES
For Plaintiffs:     Katelyn Marie Schillaci, Esq.
                   Helen F. Dalton & Associates, P.C.
                   80-02 Kew Gardens Road, Suite 601
                   Kew Gardens, New York 11415

For Defendants:    Saul D. Zabell, Esq.
                   Ryan M. Eden, Esq.
                   Zabell & Collotta, P.C.
                   1 Corporate Drive, Suite 103
                   Bohemia, New York 11716

SEYBERT, District Judge:

      Pending before the Court is Defendants' Motion for a New Trial, or, alternatively, Remittitur filed by Defendants Koran Landscape Services, Inc. ("Koran Landscaping") and Bill Koran (collectively, "Defendants"). (See ECF No. 100; see also ECF No. 100-1, the "Motion".) Following a June 2025 trial in which Defendants were found liable under federal and state labor laws to

1

nine employee Plaintiffs ("Plaintiffs"), Defendants allege the jury erroneously awarded four of the Plaintiffs, Carlos Humberto Chavez ("Chavez"), Casto Cuadra ("Cuadra"), Jose Lidio Reyes Granados ("Reyes Granados"), and Jose Efraim Granados ("Efarim Granados" collectively with Chavez, Cuadra, and Reyes Grandos, the "Motion Plaintiffs"[1]) damages and penalties for claims not included in Plaintiffs' Complaint. (Motion at 1; see also ECF No. 1.) For the foregoing reasons, Defendants' Motion is GRANTED in part and DENIED in part.

BACKGROUND

## I.    Relevant Factual Background

The Court assumes the parties' familiarity with the factual background giving rise to this action. For context, the Court provides the following summary. On March 14, 2019, Plaintiffs filed the Complaint, generally alleging Defendants failed to: (1) pay Plaintiffs overtime wages under the Fair Labor Standards Act (the "FLSA") and New York Labor Law; (2) pay Plaintiffs additional hours of pay at minimum wage for each day worked more than ten hours under the New York Minimum Wage Act; and (3) provide Plaintiffs with written notice of their pay rate, pay day, and wage statements under the New York Labor Law. (Compl.

---

[1] The awards given to the non-Motion Plaintiffs are not at issue in the Motion.

¶¶ 122-41.) The Complaint alleged violations from as early as 2013 through its filing, on March 14, 2019. (See, e.g., Id. ¶ 55.) In the Complaint, Chavez and Cuadra alleged they ceased employment at Koran Landscaping in December 2018; Reyes Granados and Efarim Granados alleged they were still employed by Koran Landscaping as of the filing of the action.[2] (Id. ¶¶ 9-12.) Plaintiffs never filed a motion to amend the Complaint.

Plaintiffs' claims were tried before a jury. (ECF No. 74.) Beginning on June 9, 2025, each of the Motion Plaintiffs testified he was still working at Koran Landscaping after the Complaint had been filed. Despite the Complaint's contrary allegations, Chavez and Cuadra testified they continued working for Koran Landscaping until May 2019; on cross-examination, they asserted the Complaint's departure timelines were inaccurate. (Tr. 50:19-52:15; 250:17-251:11.) Reyes Granados testified he was still employed by Koran Landscaping at the time of trial, and Efarim Granados said he worked there until 2021. (Tr. 78:11-13; Tr. 218:01-02.) The Motion Plaintiffs all testified that the landscaping season typically ended in December and began again on March 15 or 20. (See Tr. 44:06-11 (Cuadra), 79:21-25 (Reyes Granados), 223:09-13 (Efarim Granados), 242:11-15 (Chavez).) Each Motion Plaintiff also maintained he did not work with Koran

_____

[2] Efraim Granados was identified in the Complaint as "Jose Granados Dominguez."

3

Landscaping during the winter months.    (Tr. 65:08-11 (Cuadra), 79:18-20 (Reyes Granados), 223:06-11 (Efarim Granados), 242:09-10 (Chavez).)

On June 17, 2025, the jury rendered verdicts in favor of all Plaintiffs, generally finding Defendants failed to provide Plaintiffs with: (1) appropriate overtime compensation; and (2) appropriate wage and compensation statements.  (See ECF Nos. 90 (the "Efraim Granados Verdict Sheet"), 91 (the "Reyes Granados Verdict Sheet"), 92 (the "Chavez Verdict Sheet"), and 95 (the "Cuadra Verdict Sheet," collectively, the "Motion Plaintiffs' Verdict Sheets").)  Each of the Motion Plaintiffs' Verdict Sheets included damages for 2019, contrary to the Complaint's allegations.[3]  Moreover, each Motion Plaintiff was awarded $5,000 as a penalty for wage statement violations (the "Wage Statement Penalties"), on grounds none were provided with wage statements containing accurate compensation and employment information. (Id.) The Wage Statement Penalties were calculated at $250 per day worked, with a $5,000 cap.  (Id.)

---

[3] The jury awarded the Motion Plaintiffs the following amounts for 2019: $2,240.00 for Chavez; $4,590.00 for Cuadra; $4,860.00 for Reyes Granados; and $5,130.00 for Efarim Granados.  (Chavez Verdict Sheet at 2; Cuadra Verdict Sheet at 2; Reyes Granados Verdict Sheet at 2; Efraim Granados Verdict Sheet at 2.) The Motion Plaintiffs were also awarded damages for years prior to 2019, which are not at issue.

II.  The Motion

On August 14, 2025, Defendants filed the Motion, arguing the jury erred by awarding damages for 2019 causes of action not included in the Complaint.  (Motion at 1.) Defendants assert the FLSA does not provide for continuing violations, maintaining each pay period constitutes a separate FLSA cause of action that must be separately pleaded.  (Id. at 3-4 (citing Abuladze v. Apple Commuter Inc., No. 22-CV-8684, 2024 WL 1073121, at *10 (S.D.N.Y. Jan. 23, 2024) (stating "the continuing violation doctrine is inapplicable to FLSA claims"), report and recommendation adopted, 2024 WL 1073155 (S.D.N.Y. Feb. 7, 2024)).) Because the Complaint includes no such allegations about 2019 violations, Defendants maintain 2019 damages cannot be sustained and, correspondingly, that each Motion Plaintiff's Wage Statement Penalties[4] should be either reduced or eliminated.  (Id. at 4-7.) To remedy these issues, Defendants seek a new trial or remittitur.  (Id. at 1.)

In opposition, Plaintiffs claim the jury's findings do not constitute a "miscarriage of justice" or an excessive award warranting a new trial or remittitur.  (ECF No. 101-1, the "Opposition," at 4.) Instead, Motion Plaintiffs frame the jury's decision to award 2019 damages as a witness credibility finding

---

[4] The Motion appears to use the phrase "liquidated damages" to refer to what the Verdict Sheets identify the Wage Statement Penalties.

entitled to heightened deference.  (Opposition at 5 (citing ING Global v. UPS Oasis Supply Corp., 757 F.3d 92, 98 (2d Cir. 2014) (recognizing "a high degree of deference" owed to "the jury's evaluation of witness credibility") (further citation omitted)).) Finally, Motion Plaintiffs contend that even if minor reductions were theoretically warranted, the amounts Defendants seek to eliminate are inconsequential relative to the total verdict and fall far short of "shocking the judicial conscience," making the Motion meritless and warranting denial in its entirety. (Id. at 9-10.)

## DISCUSSION

I.  Applicable Law

A. Motions to Grant New Trial and Remittitur, Generally

A district court should grant a motion for a new trial pursuant to Rule 59 where "it is convinced that the jury has reached a seriously erroneous result or that the verdict is a miscarriage of justice." Maurer v. Patterson, 197 F.R.D. 244, 248 (S.D.N.Y. 2000) (citations and quotation marks omitted).  Unlike the Rule 50 standard for a directed verdict, the Rule 59 standard for a new trial may be met "even if there is substantial evidence supporting the jury's verdict," and the Court is free to "weigh the evidence [itself], and need not view it in the light most favorable" to the non-movant.  DLC Mgmt. Corp. v. Town of Hyde

Park, 163 F.3d 124, 134 (2d Cir.1998).  However, the Second Circuit has instructed district courts to "bear in mind" they "should only grant such a motion when the jury's verdict is 'egregious.'"  Id. The moving party bears a substantial burden in establishing it is entitled to a new trial.

Furthermore, where a court identifies an issue with the jury's award of damages, it has the "authority to enter a conditional order of remittitur, compelling a plaintiff to choose between reduction of an excessive verdict and a new trial." Kirsch v. Fleet St., Ltd., 148 F.3d 149, 165 (2d Cir. 1998). In particular:

> The trial judge has "'discretion to grant a new trial if the verdict appears to [the judge] to be against the weight of the evidence.' . . . This discretion includes overturning verdicts for excessiveness and ordering a new trial without qualification, or conditioned on the verdict winner's refusal to agree to a reduction (remittitur)."

Id. (finding no abuse of discretion where the district court, upon finding the jury miscalculated plaintiff's backpay, granted plaintiff's motion for a remittitur or new trial) (citations omitted); see also Stampf v. Long Island R.R. Co., 761 F.3d 192, 204 (2d Cir. 2014) ("In considering motions for a new trial and/or remittitur, '[t]he role of the district court is to determine whether the jury's verdict is within the confines set by state

7

law, and to determine, by reference to federal standards developed under Rule 59, whether a new trial or remittitur should be ordered.'") (citations omitted); <u>Morris v. Flaig</u>, 511 F. Supp. 2d 282, 311 (E.D.N.Y. 2007) (where punitive damages award was "not reasonably related to the harm done," conditionally remitting damages, and, if remittitur is not accepted by plaintiff, ordering a new trial).

### B. The FLSA & Continuing Violations

"[T]he continuing violation doctrine is inapplicable to FLSA claims, which 'involve a series of repeated violations, each giving rise to a new cause of action, and each beginning a new limitations period as to that particular event.'" <u>Abuladze</u>, 2024 WL 1073121, at *10 (quoting <u>Acosta v. Yale Club of N.Y. City</u>, No. 94-CV-0888, 1995 WL 600873, at *3 (S.D.N.Y. Oct. 12, 1995)). "In FLSA cases involving overtime pay, a new cause of action accrues [ . . . ] at each regular payday immediately following the workweek during which services were rendered and for which overtime compensation is claimed." <u>Acosta</u>, 1995 WL 600873, at *3.

### C. Trying Unpleaded Claims

If a plaintiff wishes to try claims not explicitly made in his or her complaint, "Rule 15(b) of the Federal Rules allows amendment of pleadings to conform to the evidence so long as amendment would promote adjudication of the merits and would not

prejudice the opposing party." Jeffers v. City of N.Y., No. 14-CV-6173, 2018 WL 904230, at *23 (E.D.N.Y. Feb. 13, 2018). Courts may treat unpleaded claims as pleaded claims where the parties either explicitly or impliedly consent to their inclusion at trial. Bozdogan v. 23 Ludlam Fuel, Inc., No. 16-CV-1053, 2022 WL 523546, at *4 (E.D.N.Y. Feb. 22, 2022). "Consent to try claims may be implied when an issue not raised in the pleadings is either addressed in an ongoing way by all parties prior to trial, or is introduced at trial without objection by the opposing party." Christoforou v. Cadman Plaza N., Inc., No. 04-CV-08403, 2009 WL 723003, at *5 (S.D.N.Y. Mar. 19, 2009).

D. Application

Motion Plaintiffs' testimony as to 2019 damages was either contradicted by or not included in the Complaint. The Complaint alleges Chavez and Cuadra left the Koran Landscaping in 2018, in spite of their trial testimony to the contrary. (Compare Compl. ¶¶ 10, 12, with Tr. 50:19-52:15; 250:17-251:11.) While the Complaint alleges Reyes Granados and Efarim Granados were still employed as of its March 14, 2019 filing date, both Motion Plaintiffs testified the landscaping season did not typically begin until March 15 or 20, thereby indicating 2019 damages for Reyes Granados and Efarim Granados cannot be supported. (Compare Compl. ¶¶ 9, 11, with Tr. 103:14-21, 223:06-13.) As FLSA violations

9

accrue during each respective pay period and do not provide for a "continuing violation" theory of liability, any potential violations from 2019 are for separate and, thus, unpleaded causes of action. Abuladze, 2024 WL 1073121, at *10.

The Motion Plaintiffs' attempt to characterize the jury's 2019 liability verdicts as witness credibility findings is unpersuasive. Testimony about work completed in 2019 has no bearing on whether the Motion Plaintiffs may collect damages for unpleaded claims. The Motion Plaintiffs never moved to amend the Complaint at any point prior to or following the trial, despite Rule 15(b)'s permissive structure. See Fed. R. Civ. P. 15(b). The parties never explicitly consented to their inclusion and, because Motion Plaintiffs have not argued the unpleaded claims were tried "by consent," the Court declines to address the question. Christoforou, 2009 WL 723003, at *5 (discussing circumstances when an unpleaded claim may be considered tried "by consent").

Conversely, although the actual damages for 2019 were awarded in error, Defendants have failed to establish any basis for modifying the Wage Statement Penalties. Defendants' single-sentence assertions that the Wage Statement Penalty figures must be reduced or eliminated fail to cite to any case law supporting such an action; nor do they identify which portions of the penalty

10

figures relate to work completed in 2019.  (See Motion at 4-7.) Without more, the Court declines to disrupt the jury's findings on Wage Statement Penalties.

CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that Defendants' Motion for a new trial is GRANTED IN PART to the extent that, if the Motion Plaintiffs do not accept remittitur by way of a reduction of damages in the following amounts:

(1)     $2,240.00 for Chavez;
(2)     $4,590.00 for Cuadra;
(3)     $4,860.00 for Reyes Granados; and
(4)     $5,130.00 for Efarim Granados,

Then a new trial will be scheduled.

IT IS FURTHER ORDERED that Motion Plaintiffs shall have until March 12, 2026 to file a letter with The Court advising whether it accepts the above-delineated remittitur.  If no timely response is filed, the Court will deem the remittitur rejected and the Court will proceed to schedule a new trial; and

IT IS FURTHER ORDERED that in all other respects, Defendants' Motion is DENIED.

**SO ORDERED.**

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: February 12, 2026
       Central Islip, New York

11